IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 8:24-CR-486 (BKS) |
| PETER BUCKSHOT, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

**I**

**INTRODUCTION**

On January 10, 2025, the defendant pled guilty to the single count of an information charging transporting aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).

The charge arose from the defendant's participation in an alien smuggling event on October 1, 2024. On that day, the defendant picked up T.S.H., V.H., Q.L., and T.N., all aliens and citizens of Vietnam, who had just illegally entered the United States from Canada. The defendant transported the aliens away from the border in furtherance of their illegal entry into the United States. At approximately 12:00 p.m., the New York State Police attempted to stop the defendant for speeding in Westville, NY. The defendant did not pull over and attempted to evade the State Police. The defendant led the State Police on a high-speed chase, during which he drove 80 mph

in a posted 30 mph zone and 100 mph in a posted 55 mph zone. At one point, the defendant drove over a sidewalk to avoid police. The defendant also failed to stop at a stop sign, drove on the road shoulders and unsafely passed other vehicles. The defendant eventually crashed into a tree in Fort Covington, NY.

The defendant is scheduled to be sentenced on May 2, 2025.

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.   Statutory Maximum Sentences**

The defendant's conviction for transporting aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) subjects the defendant to a statutory maximum term of incarceration of 5 years and a maximum fine of $250,000. *See* 8 U.S.C. § 1324(a)(1)(B)(ii) and 18 U.S.C. § 3571(b)(3).

In addition to imposing any other penalty, the sentencing court may require the defendant to serve a term of supervised release of up to 3 years, to begin after imprisonment.  *See* 18 U.S.C. § 3583.

The defendant is required to pay a special assessment of $100, due and payable at or before sentencing.  *See* 18 U.S.C. § 3013.  In addition to the assessment imposed under § 3013, unless the court finds the defendant to be indigent, the defendant shall pay an additional assessment of $5,000, pursuant to 18 U.S.C. § 3014(a). It is noted in the PSIR, that the defendant does not have the ability to pay a fine or the additional special assessment. *See* Dkt. No. 20, ¶¶ 49-50.

**2.      Guidelines Provisions**

   **a.      Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for 8 U.S.C. § 1324(a)(1)(A)(ii) is 12. *See* U.S.S.G. § 2L1.1(a)(3). The parties have stipulated and agreed that the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement; therefore, the offense level is increased to 18, pursuant to USSG § 2L1.1(b)(6). Specifically, the defendant drove 80 mph in a posted 30 mph zone and 100 mph in a posted 55 mph zone.

   **b.      Acceptance of Responsibility**

The defendant is entitled to credit for acceptance of responsibility. The defendant is entitled to a three-level downward adjustment to his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

**c.      Criminal History Category**

The government agrees with probation's calculation that the defendant's criminal history category is III.

   **d.      Guidelines Range and Sentence**

As described above, the combined offense level is 15 and the criminal history category is III. As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of 24 to 30 months imprisonment; a fine of between $7,500 and $75,000; a $100 special assessment; a $5,000 additional special assessment; and a supervised release term of at least one and up to three years. It is noted the defendant has been continuously detained since his arrest on October 1, 2024.

**III**

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of the guideline sentence, followed by a term of supervised release of the guidelines range. The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) for the following reasons:

**The Nature, Circumstances, and Seriousness of the Offense.** The defendant's actions and the actions of alien smuggling organizations are concerning because alien smugglers do not contemplate or care who they may be leading into the United States. These organizations' activities serve as an end-around to the protections of our immigration and customs enforcement and have the potential to put the United States and her citizens in danger.

This case involved high-speed flight that terminated in a crash. Miraculously, no one was injured. The aliens were able to abscond on foot from the crash site but were soon caught. The defendant also possessed an OPS-M.R.P. Cal. 45 imitation pistol, which, despite being a lighter, would appear to be a real pistol to the public.

**History and Characteristics of the Defendant.** The defendant has twice prior been convicted of felonies for possession of marijuana for sale and burglary in the first degree. He was sentenced to probation on both occasions and violated probation on both times. Clearly, a guideline sentence of incarceration is appropriate here.

**Respect for the Law, Just Punishment, and Deterrence**. A guideline term of imprisonment will promote respect for the law, provide just punishment, and further both specific

4

deterrence to the defendant and general deterrence to others. As the Supreme Court has observed, "in the ordinary case, the [Sentencing] Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Sentences within the advisory Guidelines range also promote Congress's goal in enacting the Sentencing Reform Act— "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

The defendant has demonstrated that he does not respect the law. He has acted to undermine the proper process for immigrants to enter the United States, which disparages those who immigrated here through the proper channels. And that is only his most recent criminal transgression. The recommended sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and deters future criminal conduct.[1]

Respectfully submitted this 10th day of April 2025,

JOHN A. SARCONE III
United States Attorney

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

      By: */s/ Douglas G. Collyer*
         Douglas G. Collyer
         Assistant United States Attorney
         Bar Roll No. 519096

**CERTIFICATE OF SERVICE**

   I hereby certify on April 10, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

                                /*S*/ *Douglas G. Collyer*